| | |
|---|---|
| **To:** | BELL'S BREWERY, INC. (tm@hueschen-sage.us) |
| **Subject:** | U.S. TRADEMARK APPLICATION NO. 87633009 - DEER CAMP - BELL FTM 46 |
| **Sent:** | 1/16/2018 4:32:56 PM |
| **Sent As:** | ECOM121@USPTO.GOV |
| **Attachments:** | Attachment - 1 |
| | Attachment - 2 |
| | Attachment - 3 |
| | Attachment - 4 |
| | Attachment - 5 |
| | Attachment - 6 |
| | Attachment - 7 |
| | Attachment - 8 |
| | Attachment - 9 |
| | Attachment - 10 |
| | Attachment - 11 |
| | Attachment - 12 |
| | Attachment - 13 |
| | Attachment - 14 |
| | Attachment - 15 |
| | Attachment - 16 |
| | Attachment - 17 |
| | Attachment - 18 |
| | Attachment - 19 |
| | Attachment - 20 |
| | Attachment - 21 |
| | Attachment - 22 |
| | Attachment - 23 |
| | Attachment - 24 |
| | Attachment - 25 |
| | Attachment - 26 |
| | Attachment - 27 |
| | Attachment - 28 |
| | Attachment - 29 |
| | Attachment - 30 |
| | Attachment - 31 |
| | Attachment - 32 |

**UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)**
**OFFICE ACTION (OFFICIAL LETTER) ABOUT APPLICANT'S TRADEMARK APPLICATION**

**U.S. APPLICATION SERIAL NO.** 87633009

**MARK:** DEER CAMP         *87633009*

| | |
|---|---|
| **CORRESPONDENT ADDRESS:**<br>    G. PATRICK SAGE<br>    HUESCHEN AND SAGE PLLC<br>    107 WEST MICHIGAN AVENUE<br>    SEVENTH FLOOR, KALAMAZOO BUILDING<br>    KALAMAZOO, MI 49007<br>**APPLICANT:** BELL'S BREWERY, INC.<br><br>**CORRESPONDENT'S REFERENCE/DOCKET NO:**<br>    BELL FTM 46<br>**CORRESPONDENT E-MAIL ADDRESS:**<br>    tm@hueschen-sage.us | **CLICK HERE TO RESPOND TO THIS LETTER:**<br>http://www.uspto.gov/trademarks/teas/response_forms.jsp<br><br>VIEW YOUR APPLICATION FILE |

# OFFICE ACTION

## STRICT DEADLINE TO RESPOND TO THIS LETTER

TO AVOID ABANDONMENT OF APPLICANT'S TRADEMARK APPLICATION, THE USPTO MUST RECEIVE APPLICANT'S COMPLETE RESPONSE TO THIS LETTER **WITHIN 6 MONTHS** OF THE ISSUE/MAILING DATE BELOW.  A RESPONSE TRANSMITTED THROUGH THE TRADEMARK ELECTRONIC APPLICATION SYSTEM (TEAS) MUST BE RECEIVED BEFORE MIDNIGHT **EASTERN TIME** OF THE LAST DAY OF THE RESPONSE PERIOD.

**ISSUE/MAILING DATE: 1/16/2018**

The referenced application has been reviewed by the assigned trademark examining attorney.  Applicant must respond timely and completely to the issue below.  15 U.S.C. §1062(b); 37 C.F.R. §§2.62(a), 2.65(a); TMEP §§711, 718.03.

**SUMMARY OF ISSUES:**
- Section 2(d) Refusal – Likelihood of Confusion
- Response Guidelines

**SECTION 2(d) REFUSAL – LIKELIHOOD OF CONFUSION**

Registration of the applied-for mark is refused because of a likelihood of confusion with the mark in U.S. Registration No. 5035248.  Trademark Act Section 2(d), 15 U.S.C. §1052(d); *see* TMEP §§1207.01 *et seq.*  See the attached registration.

Applicant has applied for the mark DEER CAMP for "Insulating sleeve holders for beverage cans" in Class 21 and "Beer, ale and porter; Stout; Malt liquor" in Class 32.

Registrant owns the mark DEER CAMP for "Artificial coffee; Artificial coffee and tea; Beverages made of coffee; Beverages with a coffee base; Caffeine-free coffee; Chicory and chicory mixtures; all for use as substitutes for coffee; Chicory based coffee substitute; Chocolate bark containing ground coffee beans; Chocolate covered roasted coffee beans; Coffee; Coffee and artificial coffee; Coffee and coffee substitutes; Coffee and tea; Coffee based beverages; Coffee beans; Coffee beverages with milk; Coffee capsules containing coffee for brewing; Coffee essences; Coffee essences for use as substitutes for coffee; Coffee extracts; Coffee extracts for use as substitutes for coffee; Coffee flavored syrup used in making food beverages; Coffee pods; Coffee substitutes; Coffee substitutes; Coffee-based beverage containing milk; Coffee-based beverages; Coffee-based beverages containing ice cream (affogato); Coffee-based iced beverages; Coffee-based snack foods; Green coffee; Ground coffee beans; Iced coffee; Instant coffee; Mixtures of coffee and chicory; Prepared coffee and coffee-based beverages; Roasted coffee

beans; Sugar-coated coffee beans; Unroasted coffee; Organic coffee; Fair Trade coffee."

Trademark Act Section 2(d) bars registration of an applied-for mark that so resembles a registered mark that it is likely a potential consumer would be confused, mistaken, or deceived as to the source of the goods of the applicant and registrant. *See* 15 U.S.C. §1052(d). A determination of likelihood of confusion under Section 2(d) is made on a case-by-case basis and the factors set forth in *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 1361, 177 USPQ 563, 567 (C.C.P.A. 1973) aid in this determination. *Citigroup Inc. v. Capital City Bank Grp., Inc.*, 637 F.3d 1344, 1349, 98 USPQ2d 1253, 1256 (Fed. Cir. 2011) (citing *On-Line Careline, Inc. v. Am. Online, Inc.*, 229 F.3d 1080, 1085, 56 USPQ2d 1471, 1474 (Fed. Cir. 2000)). Not all the *du Pont* factors, however, are necessarily relevant or of equal weight, and any one of the factors may control in a given case, depending upon the evidence of record. *Citigroup Inc. v. Capital City Bank Grp., Inc.*, 637 F.3d at 1355, 98 USPQ2d at 1260; *In re Majestic Distilling Co.*, 315 F.3d 1311, 1315, 65 USPQ2d 1201, 1204 (Fed. Cir. 2003); *see In re E. I. du Pont de Nemours & Co.*, 476 F.2d at 1361-62, 177 USPQ at 567.

In this case, the following factors are the most relevant: similarity of the marks, similarity and nature of the goods, and similarity of the trade channels of the goods. *See In re Viterra Inc.*, 671 F.3d 1358, 1361-62, 101 USPQ2d 1905, 1908 (Fed. Cir. 2012); *In re Dakin's Miniatures Inc.*, 59 USPQ2d 1593, 1595-96 (TTAB 1999); TMEP §§1207.01 *et seq.*

Similarity of the Marks

Marks are compared in their entireties for similarities in appearance, sound, connotation, and commercial impression. *Stone Lion Capital Partners, LP v. Lion Capital LLP*, 746 F.3d 1317, 1321, 110 USPQ2d 1157, 1160 (Fed. Cir. 2014) (quoting *Palm Bay Imps., Inc. v. Veuve Clicquot Ponsardin Maison Fondee En 1772*, 396 F.3d 1369, 1371, 73 USPQ2d 1689, 1691 (Fed. Cir. 2005)); TMEP §1207.01(b)-(b)(v). "Similarity in any one of these elements may be sufficient to find the marks confusingly similar." *In re Davia*, 110 USPQ2d 1810, 1812 (TTAB 2014) (citing *In re 1st USA Realty Prof'ls, Inc.*, 84 USPQ2d 1581, 1586 (TTAB 2007)); *In re White Swan Ltd.*, 8 USPQ2d 1534, 1535 (TTAB 1988)); TMEP §1207.01(b).

In a likelihood of confusion determination, the marks in their entireties are compared for similarities in appearance, sound, connotation, and commercial impression. *In re i.am.symbolic, llc*, 866 F.3d 1315, 1323, 123 USPQ2d 1744, 1748 (Fed. Cir. 2017); *Stone Lion Capital Partners, LP v. Lion Capital LLP*, 746 F.3d 1317, 1321, 110 USPQ2d 1157, 1160 (Fed. Cir. 2014) (quoting *Palm Bay Imps., Inc. v. Veuve Clicquot Ponsardin Maison Fondee En 1772*, 396 F.3d 1369, 1371, 73 USPQ2d 1689, 1691 (Fed. Cir. 2005)); *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 1361, 177 USPQ 563, 567 (C.C.P.A. 1973); TMEP §1207.01(b)-(b)(v).

In the present case, applicant's mark is DEER CAMP and registrant's mark is DEER CAMP. These marks are identical in appearance, sound, and meaning, "and have the potential to be used . . . in exactly the same manner." *In re i.am.symbolic, llc*, 116 USPQ2d 1406, 1411 (TTAB 2015), *aff'd,* 866 F.3d 1315, 123 USPQ2d 1744 (Fed. Cir. 2017). Additionally, because they are identical, these marks are likely to engender the same connotation and overall commercial impression when considered in connection with applicant's and registrant's respective goods. *Id.*

Therefore, the marks are confusingly similar.

Relatedness of Goods

The compared goods need not be identical or even competitive to find a likelihood of confusion. *See On-line Careline Inc. v. Am. Online Inc.*, 229 F.3d 1080, 1086, 56 USPQ2d 1471, 1475 (Fed. Cir. 2000); *Recot, Inc. v. Becton*, 214 F.3d 1322, 1329, 54 USPQ2d 1894, 1898 (Fed. Cir. 2000); TMEP §1207.01(a)(i). They need only be "related in some manner and/or if the circumstances surrounding their marketing are such that they could give rise to the mistaken belief that [the goods and/or services] emanate from the same source." *Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1369, 101 USPQ2d 1713, 1722 (Fed. Cir. 2012) (quoting *7-Eleven Inc. v. Wechsler*, 83 USPQ2d 1715, 1724 (TTAB 2007)); TMEP §1207.01(a)(i).

Applicant's identified goods are: "Insulating sleeve holders for beverage cans" in Class 21 and "Beer, ale and porter; Stout; Malt liquor" in Class 32.

Registrant's identified goods are: "Artificial coffee; Artificial coffee and tea; Beverages made of coffee; Beverages with a coffee base; Caffeine-free coffee; Chicory and chicory mixtures; all for use as substitutes for coffee; Chicory based coffee substitute; Chocolate bark containing ground coffee beans; Chocolate covered roasted coffee beans; Coffee; Coffee and artificial coffee; Coffee and coffee substitutes; Coffee and tea; Coffee based beverages; Coffee beans; Coffee beverages with milk; Coffee capsules containing coffee for brewing; Coffee essences; Coffee essences for use as substitutes for coffee; Coffee extracts; Coffee extracts for use as substitutes for coffee; Coffee flavored syrup used in making food beverages; Coffee pods; Coffee substitutes; Coffee substitutes; Coffee-based beverage containing milk; Coffee-based beverages; Coffee-based beverages containing ice cream (affogato); Coffee-based iced beverages; Coffee-based snack foods; Green coffee; Ground coffee beans; Iced coffee; Instant coffee; Mixtures of coffee and chicory; Prepared coffee and coffee-based beverages; Roasted coffee beans; Sugar-coated coffee beans; Unroasted coffee; Organic coffee; Fair Trade coffee."

The attached Internet evidence consists of webpages from Modern Times, Two Brothers Artisan Brewing, and Wartega.  The website evidence from Modern Times demonstrates that it brews and sells beer, in addition to producing coffee in the form of coffee beans.  Modern Times also sells coffee tumblers, which are arguably related to applicant's insulated sleeve holders for beverage cans.  The website evidence from Two Brothers Artisan Brewing shows that it brews and sells beer and also produces fresh coffee.  Finally, the website evidence from Wartega highlights its beer and coffee.  This evidence establishes that the same entity commonly produces the relevant goods and markets the goods under the same mark, and the relevant goods are sold or provided through the same trade channels and used by the same classes of consumers in the same fields of use.  Therefore, applicant's and registrant's goods are considered related for likelihood of confusion purposes.  *See, e.g.*, *In re Davey Prods. Pty Ltd.*, 92 USPQ2d 1198, 1202-04 (TTAB 2009); *In re Toshiba Med. Sys. Corp.*, 91 USPQ2d 1266, 1268-69, 1271-72 (TTAB 2009).

Accordingly, because confusion as to source is likely, registration is refused under Trademark Act Section 2(d) based on a likelihood of confusion.

Although applicant's mark has been refused registration, applicant may respond to the refusal by submitting evidence and arguments in support of registration.

**RESPONSE GUIDELINES**

If applicant has questions regarding this Office action, please telephone or e-mail the assigned trademark examining attorney.  All relevant e-mail communications will be placed in the official application record; however, an e-mail communication will not be accepted as a response to this Office action and will not extend the deadline for filing a proper response.  *See* 37 C.F.R. §§2.62(c), 2.191; TMEP §§304.01-.02, 709.04-.05.  Further, although the trademark examining attorney may provide additional explanation pertaining to the refusal(s) and/or requirement(s) in this Office action, the trademark examining attorney may not provide legal advice or statements about applicant's rights.  *See* TMEP §§705.02, 709.06.

**TEAS PLUS OR TEAS REDUCED FEE (TEAS RF) APPLICANTS – TO MAINTAIN LOWER FEE, ADDITIONAL REQUIREMENTS MUST BE MET, INCLUDING SUBMITTING DOCUMENTS ONLINE:**  Applicants who filed their application online using the lower-fee TEAS Plus or TEAS RF application form must (1) file certain documents online using TEAS, including responses to Office actions (see TMEP §§819.02(b), 820.02(b) for a complete list of these documents); (2) maintain a valid e-mail correspondence address; and (3) agree to receive correspondence from the USPTO by e-mail throughout the prosecution of the application.  *See* 37 C.F.R. §§2.22(b), 2.23(b); TMEP §§819, 820.  TEAS Plus or TEAS RF applicants who do not meet these requirements must submit an additional processing fee of $125 per class of goods and/or services.  37 C.F.R. §§2.6(a)(1)(v), 2.22(c), 2.23(c); TMEP §§819.04, 820.04.  However, in certain situations, TEAS Plus or TEAS RF applicants may respond to an Office action by authorizing an examiner's amendment by telephone or e-mail without incurring this additional fee.

/Uka Onuoha/
Examining Attorney
Law Office 121
(571) 270-5781
uka.onuoha@uspto.gov

**TO RESPOND TO THIS LETTER:**  Go to http://www.uspto.gov/trademarks/teas/response_forms.jsp.  Please wait 48-72 hours from the issue/mailing date before using the Trademark Electronic Application System (TEAS), to allow for necessary system updates of the application.  For *technical* assistance with online forms, e-mail TEAS@uspto.gov.  For questions about the Office action itself, please contact the assigned trademark examining attorney.  **E-mail communications will not be accepted as responses to Office actions; therefore, do not respond to this Office action by e-mail.**

**All informal e-mail communications relevant to this application will be placed in the official application record.**

**WHO MUST SIGN THE RESPONSE:**  It must be personally signed by an individual applicant or someone with legal authority to bind an applicant (i.e., a corporate officer, a general partner, all joint applicants).  If an applicant is represented by an attorney, the attorney must sign the response.

**PERIODICALLY CHECK THE STATUS OF THE APPLICATION:**  To ensure that applicant does not miss crucial deadlines or official notices, check the status of the application every three to four months using the Trademark Status and Document Retrieval (TSDR) system at http://tsdr.uspto.gov/.  Please keep a copy of the TSDR status screen.  If the status shows no change for more than six months, contact the Trademark Assistance Center by e-mail at TrademarkAssistanceCenter@uspto.gov or call 1-800-786-9199.  For more information on checking status, see http://www.uspto.gov/trademarks/process/status/.

**TO UPDATE CORRESPONDENCE/E-MAIL ADDRESS:**  Use the TEAS form at http://www.uspto.gov/trademarks/teas/correspondence.jsp.